UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL D. STORR                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:15-CV-618-DPJ-FKB

ALCORN STATE UNIVERSITY                                                      DEFENDANT

ORDER

This employment-discrimination case is before the Court on cross motions in limine [45, 46] filed by Plaintiff Michael D. Storr and Defendant Alcorn State University. Having fully considered the motions, the Court rules as follows:

I.    Background

Storr is the former Chief of Campus Police for Alcorn State University ("ASU"). Eleven days after Storr returned from medical leave, ASU held its homecoming football game, and a traffic jam occurred. Three days later, ASU fired Storr purportedly for the jam, and he then filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability-based discrimination and retaliation. Once granted his right to sue, Storr sued ASU under the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). The case is set for trial August 28, 2017.

II.   Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and internal quotation marks omitted).

III.  Motions

  A. Storr's Motion in Limine [45]

Storr seeks to exclude evidence related to two issues: (1) statements made in EEOC documents; and (2) whether Storr failed to mitigate his damages. For the reasons that follow, the first request is granted in part, and the second is granted.

    1. EEOC Documents

The parties dispute the admissibility of two EEOC documents—the Notice of Right to Sue and the investigator's Summary of Interview prepared after a telephonic interview with Storr. ASU lists both as exhibits in the proposed pretrial order; Storr seeks to exclude them.

The admissibility of EEOC-related documents has been frequently litigated, but perhaps not in this exact context. Starting with *Smith v. Universal Services, Inc.*, the Fifth Circuit reversed a trial court's decision to exclude "the EEOC report, consisting of a summary of the charges, a brief review of the facts developed in its investigation, and its findings of probable cause that violations exist." 454 F.2d 154, 157 (5th Cir. 1972). The court reasoned:

> [T]o ignore the manpower and resources expended on the EEOC investigation and the expertise acquired by its field investigators in the area of discriminatory employment practices would be wasteful and unnecessary.
>
> The fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred, is highly probative of the ultimate issue involved in such cases. Its probative value, we believe, at least outweighs any possible prejudice to defendant.

*Id.*

There are, however, limits to the *Smith* holding.  First, in *McClure v. Mexia Independent School District*, the Fifth Circuit noted that EEOC "determinations and findings of fact . . . are admissible as evidence in civil proceedings as probative of a claim of employment discrimination."  750 F.2d 396, 399 (5th Cir. 1985).  But the court went on to hold that *Smith* does not mean "the entire EEOC file [is] admissible," *id.* at 400, and that admitting the file in that case was "erroneous," *id.* at 402.

Second, not all EEOC determinations fall within the *Smith* presumption.  In *Cortes v. Maxus Exploration Co.*, the EEOC issued a "determination of no probable cause regarding Cortes' charge of sex discrimination."  977 F.2d 195, 201 (5th Cir. 1992).  Despite *Smith* and *McClure*, the trial court concluded that the EEOC's findings were too conclusory and tentative to overcome Federal Rule of Evidence 403.  *Id.* at 201–02.  The Fifth Circuit agreed, noting that its prior precedent should not "be read as leaving district courts without discretion under Rule 403 to exclude such reports if their probative value is substantially outweighed by prejudicial effect or other considerations enumerated in the rule."  *Id.* at 202; *see also E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994) (quoting *Cortes*, 977 F.2d at 201−02).  Those other enumerated considerations include "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

With this general background, the Court turns to Storr's more specific objections, starting with the Notice of Right to Sue.  In that document, the EEOC stated that it was closing its file and checked the box associated with the following reason:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

EEOC Notice [36-13] at 1. ASU cited this document in its summary-judgment memorandum as proof that the "EEOC was unable to find any violation of the ADA." Def.'s Mem. [36] at 3–4. Fearing similar arguments at trial, Storr moves in limine to exclude it.[1]

Under Rule 403, the Court begins by noting that the probative value of the EEOC's Notice of Right to Sue is slight. In contrast to *Smith*, the EEOC did not make a concrete determination as to Storr's claim. Instead, the EEOC merely checked a box indicating that it was closing its file because it "was unable to conclude that the information obtained establishes violations." *See* EEOC Notice [36-13] at 1. The very next sentence states, "This does not certify that the respondent is in compliance." *Id.* These bare conclusions offer little probative value, and any probative value that might exist would be substantially outweighed by the risk of unfair prejudice, confusion, and—not insignificantly—delay. *See Houston v. Miss. Dep't of Human Servs.*, No. 3:13-CV-773-DPJ-FKB, 2015 WL 7777275, at *2 (S.D. Miss. Dec. 2, 2015) (granting motion in limine to exclude similar EEOC notice) (citing *Smith v. Tower Auto. Operations, USA, 1, LLC*, No. 3:13-CV-00967-CWR, 2014 WL 1404734, at *2 (S.D. Miss. Apr. 10, 2014) (same)). This portion of the motion in limine is therefore granted.

Similar issues exist with respect to the Summary of Investigation, though the question is more complicated. *See* Notes [36-12]. On June 5, 2015, investigator Antonio Jones interviewed Storr and prepared a summary. Though the document is described as a "SUMMARY OF INTERVIEW," it contains only one passage where Jones recorded something Storr said. According to the summary, Storr "acknowledged and stated he believes he was terminated

---

[1] The parties dispute whether ASU agreed during the pretrial conference to withdraw this exhibit, and the Court's notes back Storr's recollection that it did. Regardless, the document should be excluded.

4

because of a homecoming traffic jam." *Id.* at 1. The rest of the document claims to record conclusions investigator Jones had reached and conveyed to Storr, including:

- "[P]er the investigation, he was not truthful about signing a year to year contract . . . ."
- "CP was informed evidence revealed he did not participate in a protected protest."
- "CP was informed a traffic jam does not meet the criteria for retaliation."
- "CP was informed evidence revealed he was not terminated while out on FMLA."
- "Evidence failed to show CP had any known disability on file and evidence failed to show CP ever complained of any type of discrimination based on disability or retaliation."

*Id.*

The document also includes other irrelevant factual and legal conclusions that Jones supposedly conveyed to Storr, like telling him that he was an at-will employee and therefore "due process is not considered and he does not have the right to appeal to [ASU's] Commissioner of the Board of Trustees." *Id.* The document concludes with a section titled "RESULT OF INTERVIEW":

> Based on CP's allegations, CP failed to show a known disability played a role in the decision to separate his employment. Evidence failed to show CP was terminated while out on FMLA. [REDACTED] Evidence failed to reveal CP participated in any protected protest. Evidence revealed CP was terminated as an "AT WILL employee" which he signed on August 14, 2013. Evidence revealed CP was not a contract employee. Explained in the event it is determined the evidence does not support a finding of discrimination, the Director will issue a Dismissal and Notice of Rights outlining how the charge can be pursued in federal court within 90 days of the dismissal.

*Id.* at 2. Storr apparently requested the right-to-sue notice at the conclusion of the call.

Obviously, investigator Jones's conclusions in the Summary of Interview go beyond the more equivocal statement the EEOC issued in its Notice of Right to Sue. Storr now seeks to exclude the summary based on three arguments: (1) it addresses the FMLA claim that the EEOC was not tasked with investigating, so the investigator lacked jurisdiction to make the notes; (2) it is not the best evidence of the conversation under Federal Rule of Evidence 1007; and (3)

5

admitting the summary would violate Rule 403. For the reasons that follow, the Court concludes that these issues have not been adequately addressed and that further development is necessary.

To begin, Storr cites no authority for excluding the notes simply because they mention the FMLA, a statute Storr cited in his charge of discrimination. But ASU ignores the argument in its response. On a superficial level, it would seem that the *Smith* rationale for admitting specific statements regarding a statute fades if the agency is not actually tasked with investigating that statutory claim. But the Court would need more facts about this investigation and legal analysis before ruling on this argument.

The best-evidence argument is no better. The parties argue back and forth—with no real authority—about Federal Rule of Evidence 1007 and authentication requirements. But the Court does not yet understand how Rule 1007 applies or how authentication relates to the best-evidence rule. Storr does, however, try to clear things up in his reply. He first concedes the authenticity of the notes themselves, but explains that it is not clear from the way those notes are written what was actually said during the conversation. In other words, in the colloquial sense, the notes may not be the best evidence of the spoken words. But Rule 1002 states that when a party wishes to prove the content of an "original writing, recording, or photograph," the original must be offered. Fed. R. Evid. 1002. Storr has not explained how the best-evidence rule would prevent admission of a document that memorializes a verbal conversation.

The more difficult question comes under Rule 403. As Storr says, the Summary of Interview is not an agency determination or fact finding—it is just one document from the EEOC file reflecting one investigator's conclusions. Those conclusions are more emphatic than the Notice of Right to Sue the EEOC later issued. Neither party has offered any substantive legal

6

analysis or legal authority indicating whether such documents contained within a file are admissible, or what the applicable test should be—*i.e.*, to what extent, if any, *Smith* should apply.

To complicate things further, the Summary of Interview includes a number of statements that should be individually considered. Some may be admissible; some may not. For example, a good portion of the opinions do not relate to any of Storr's claims in this case and should not be admitted. Also, there are legal conclusions that ASU seems to acknowledge might need to be redacted. Conversely, notes about what Storr may have said during the call are arguably admissible, assuming the document is otherwise admissible.

Until the parties identify the precise portions of the document that are in dispute and then offer tailored arguments supported by legal authority, it is impossible for the Court to rule on this issue. The parties are therefore instructed to confer and determine the extent to which they can agree. If dispute remains as to any specific statements in the document, then the parties are instructed to identify those statements and submit simultaneous memoranda of law explaining their positions no later than August 21, 2017. No replies will follow.

2. Failure to Mitigate

Storr says ASU should not be allowed to explore its mitigation defense because ASU failed during discovery to identify any substantially equivalent work Storr failed to seek. *See* Pl.'s Mot. [45] at 3. To establish this affirmative defense, a defendant must show that substantially equivalent work was available and that the plaintiff did not exercise reasonable diligence to obtain it. *See Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990). Here, the parties dispute whether ASU has the burden of proving that equivalent work was actually available.

7

Unfortunately, the Fifth Circuit has been inconsistent in addressing this issue. In cases like *Sellers v. Delgado College*, the court held that employers need not show the existence of substantially equivalent work if they show that the plaintiff failed to make a reasonable effort to find work. *Id.* But before *Sellers*, another panel from the Fifth Circuit seemed to reach the opposite conclusion in *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972).

Not surprisingly, Storr encourages the Court to apply *Sparks*, whereas ASU urges the Court to follow the "newer" law and deny the motion because Storr cannot demonstrate reasonable efforts to find a job. Def.'s Resp. [47] at 4. Until the Fifth Circuit resolves this issue, the rule of orderliness applies, and the earlier-decided *Sparks* should be followed. *See Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 887 (S.D. Tex. 2009) (Atlas, J.) (applying *Sparks* under rule of orderliness). A solid majority of districts within the circuit have reached the same conclusion. *See Newcomb v. Corinth Sch. Dist.*, No. 1:12-CV-00204-SA-DAS, 2015 WL 1505839, at *7 (N.D. Miss. Mar. 31, 2015), *appeal dismissed* (June 5, 2015); *Buckingham v. Booz Allen Hamilton, Inc.*, 64 F. Supp. 3d 981, 985 (S.D. Tex. 2014); *Little v. Tech. Specialty Prod. LLC*, No. 4:11-CV-717, 2014 WL 1116895, at *3 (E.D. Tex. Mar. 18, 2014); *Paulissen v. MEI Techs., Inc.*, 942 F. Supp. 2d 658, 677 (S.D. Tex. 2013); *Starr v. Oceaneering Int'l, Inc.*, No. 4:09-CV-0204, 2010 WL 644445, at *12 (S.D. Tex. Feb. 18, 2010). *But see Rybar v. Corp. Mgmt., Inc.*, No. 1:14-CV-242-KS-MTP, 2015 WL 12912342, at *2 (S.D. Miss. July 16, 2015) (acknowledging rule of orderliness but concluding that court should follow more recent Fifth Circuit opinions after *Sellers*). Accordingly, the Court rejects ASU's argument that it had no duty to identify substantially equivalent work.

ASU's only other argument is that "mitigation of damages is a fact-intensive issue which is best suited for jury deliberation." Def.'s Resp. [47] at 4. But this cryptic response fails to

8

show how ASU can overcome Storr's argument that the school's discovery responses preclude proof on this point. The motion is therefore granted.

B.  ASU's Motion in Limine [46]

ASU seeks exclusion of five categories of evidence: (1) any reference to punitive damages; (2) certain damages; (3) testimony that Douglas Stewart attempted to "undermine" Storr; (4) witnesses not previously disclosed; and (5) references to the need to punish ASU or "send a message." Storr does not seek punitive damages from ASU and therefore concedes the first and last categories. The Court will address the others.

1.  Exclusion of Certain Damages

ASU says that Storr should not be allowed to pursue back pay, front pay, liquidated damages, or compensatory damages and then offers four general reasons why. The Court will address them in the order they were presented.

ASU begins by generally saying that Storr failed to adequately disclose the basis for these damages in his discovery responses and pre-discovery disclosures. Def.'s Mot. [46] at 2. As ASU notes, under Federal Rule of Civil Procedure 26(a)(1)(A)(iii),

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed . . . [and] make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Here, Storr disclosed that he would seek a specified amount in damages in four categories: (1) back wages; (2) future wages; (3) liquidated damages; and (4) compensatory damages. Pl.'s Disclosures [46-1] at 2. He did not break those numbers down or provide his

9

method of calculation, electing instead to provide a lump sum for each category. *Id.* But he did explain things a little better in his interrogatory responses:

> Back wages are based on Plaintiff's income on date Plaintiff was terminated to present plus one year to trial. Future wages are based on what Plaintiff was earning at the time of termination multiplied time three years. Plaintiff is entitled to Liquidated Damages because of his FMLA claim. Plaintiff is entitled to Compensatory Damages for pain and suffering. $300,000 is the limit set by statute.

Pl.'s Resp. to Interrogs. [46-2] at 8.

It obviously would have been helpful for Storr to be more specific. But if ASU believed his disclosures and responses were insufficient, then it was required under the local rules to file a prompt motion to compel. Under Local Rule 26(a)(3), if a party fails to make required disclosures, the other party

> *must* move to compel disclosure and for appropriate sanctions . . . . The failure to take immediate action and seek court intervention when a known fact disclosure violation . . . occurs will be considered by the by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under FED. R. CIV. P. 37(c).

L.U. Civ. R. 26(a)(3) (emphasis added). Moreover, Local Rule 7(b)(2)(C) states that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."

Here, ASU could see the rather slim nature of the disclosures when Storr first made them on November 10, 2015. Yet it waited until June 6, 2017, to file this motion. By then, the November 3, 2016 discovery deadline had passed. Had ASU made a timely motion, then the Court and the parties could have fashioned a remedy that would have allowed Storr to supplement and ASU to conduct any necessary follow-up discovery. Striking Storr's damages

10

now would be unduly prejudicial. The Court will not, therefore, grant this motion solely on ASU's disclosure argument but will instead consider its three remaining arguments.

First, ASU says Storr "provides no evidence nor attempts to assert any expert testimony regarding emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life due to the alleged discrimination." Def.'s Mot. [46] at 2. ASU offers no legal authority for this argument, and as Storr correctly observes, he can establish these damages through his own testimony. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1046−47 (5th Cir. 1998). In its reply, ASU acknowledges that additional evidence is not always required, but seems to pivot and suggest that Storr's testimony in this case "may not be sufficient." Def.'s Reply [50] at 1. The jury will decide whether that is true; ASU has not provided a basis for excluding this evidence in limine.

Second, ASU says that other than a U-Haul receipt, Storr failed to produce evidence in his written-discovery responses supporting damages for expenses such as "movers, storage, postage, or job hunting." Def.'s Mot. [46] at 2. Again, Storr says his own testimony is sufficient and adds that if ASU thought the responses were lacking, it should have filed a motion to compel. Pl.'s Resp. [48] at 2.

On this record, the Court concludes that the better course would be to grant the motion and require Storr to raise the issue outside the jury's presence before offering the evidence. As an initial point, both parties observe that the other offered no legal support for their position. They simply take opposite sides on whether Storr can testify as to his bills. Though not argued directly, ASU's position seems to suggest a best-evidence concern that may be valid. Regardless, the parties need to provide legal support if this issue arises again at trial. In addition, the Court is concerned with Storr's disclosures in this specific context. As noted above, ASU should have moved to compel. But there is a difference between failing to move as to categories that were generically disclosed and

11

failing to move as to damages that are not referenced at all. Storr's interrogatory responses suggest that compensatory damages relate to emotional distress; there is nothing in his response that would give ASU notice that he also sought damages for movers, storage, postage, or job hunting. Accordingly, the Court grants this portion of the motion.[2]

Finally, ASU asserts that Storr

is unable to demonstrate damages for loss of salary, back wages, future wages, or liquidated damages, as Plaintiff was hired as an at-will employee; therefore, Plaintiff was not entitled to any alleged loss of salary for breach of contract, as no contract existed between the Plaintiff and Alcorn State University.

Def.'s Mot. [46] at 3. This argument is hard to follow. It seems unlikely ASU would suggest that at-will status inoculates it from federal employment laws and the available remedies. Obviously it does not. And Storr has not made any breach-of-contract or common-law wrongful-discharge claims. *See* Am. Compl. [5]. Finally, in its reply, ASU seems to drop its original argument as to these specific wage-related damages, saying instead that Storr's flimsy disclosures preclude him from proving these damages at trial. As noted above, that argument should have been made long ago. Regardless, the interrogatory responses adequately explain the method for determining the wage-related damages and liquidated damages. ASU should know Storr's salary, and Storr provided the time-period on which those calculations would be based. This portion of the motion is denied.

2. Attempts to "Undermine" Storr

Storr's subordinate at ASU was Douglas Stewart, and Storr believes Stewart attempted to undermine his job security. According to Storr, Stewart lied about the reasons for the homecoming traffic jam, causing Storr to pass those untruths on to his superiors. Storr claims this evidence is relevant because ASU knew Stewart had lied and yet premised the dismissal on the traffic jam. ASU believes any evidence regarding this theory would be speculative,

---

[2] It may be that the Court has not seen all of the responses, and Storr can certainly raise that issue at trial.

argumentative, prejudicial, and beyond the scope of proper lay-witness opinion testimony. *See* Def.'s Mot. [46] at 3–4 (citing Fed. R. Evid. 401–403, 701). But other than stating the basic rules of evidence, ASU never really explains why this testimony should be inadmissible, much less why it is so potentially prejudicial that it would require an in limine ruling. The motion is therefore denied.

### 3. Undisclosed Witnesses

ASU says that Storr listed several witnesses in the draft pretrial order that he failed to identify during discovery. On this sole basis, the school sought to exclude these witnesses in its initial motion. *See id.* at 4. ASU changed its argument, however, after Storr demonstrated that he properly disclosed the witnesses in his pre-discovery disclosures and supplements. Now it contends that the evidence is irrelevant and cumulative. Def.'s Reply [50] at 4. Normally, the Court would not entertain an argument raised initially in reply, but Storr seemed to anticipate the issue and briefly addressed it in his response. Regardless, this is not the type of issue that is so potentially prejudicial that it would require an in limine ruling. As the case proceeds, ASU is free to object, but the motion is denied.

## IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiff's motion in limine [45] and ASU's motion in limine [46] are both granted in part. The parties are directed to simultaneously file supplemental memoranda regarding the summary of interview on or before August 21, 2017.

**SO ORDERED AND ADJUDGED** this the 11th day of August, 2017.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE